10-2347-pr
Marrant v. Cuomo

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER, JR.,
              DENNY CHIN,
                       *Circuit Judges*.
_____

DARRYL MARRANT,

                       *Petitioner-Appellant*,

              -v.-                                                          10-2347-pr

ANDREW M. CUOMO, DENNIS J. BRESLIN,

                       *Respondents-Appellees*.
_____


Appearing for Appellant:      Nancy E. Little, The Legal Aid Society, New York, N.Y.

Appearing for Appellees:      Lisa Ellen Fleischmann, Assistant Attorney General; Barbara D. Underwood, Solicitor General; Roseann B. MacKechnie, Deputy Solicitor General for Criminal Matters (of counsel) *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Swain, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

In 2005, Petitioner-Appellant Darryl Marrant was convicted in the Supreme Court of New York, New York County, of Criminal Possession of a Controlled Substance in the Third and Fifth Degrees. Marrant was sentenced to concurrent prison terms of six years on the third-degree count and two and one half years on the fifth-degree count. Marrant appeals the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In reviewing this appeal, we assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's denial of a petition for writ of habeas corpus. *Kennaugh v. Miller*, 289 F.3d 36, 42 (2d Cir. 2002). The petitioner bears the ultimate burden of proving a violation of his constitutional rights by a preponderance of the evidence. *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), if, as here, a claim was adjudicated on the merits in state court, habeas relief is available only when the state court judgment is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). To satisfy this standard, Marrant "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, No. 10-1540, slip op. at 1 (Nov. 7, 2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011)).

Marrant argues that the Appellate Division of the New York Supreme Court unreasonably applied clearly established Supreme Court precedent in ruling that the trial court did not abuse its discretion in denying his newly substituted lead counsel's request for additional preparation time, as well as his subsequent motion for a mistrial.

A judge's decision not to grant a continuance is a discretionary one, and does not in itself violate a defendant's constitutional rights; the Supreme Court has recognized, however, that an "unreasoning and arbitrary" denial of a continuance may violate a defendant's due process rights to a fair trial and to present a defense or the right to assistance of counsel. *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *see also Ungar v. Sarafite*, 376 U.S. 575, 584 (1964); *Avery v. Alabama*, 308 U.S. 444, 446 (1940). The Supreme Court has identified several factors to consider in determining whether a denial of a continuance is an abuse of discretion, including the judge's reasons for denying the continuance, the arguments made to the judge in support of the continuance, the diligence of the defendant in requesting the continuance, and the degree to which the denial of the continuance ultimately prejudiced the defendant.

In *Drake v. Portuondo*, we rejected petitioner Drake's claim that he was "prevented from mounting a meaningful defense because the state trial court allowed . . . surprise testimony but denied Drake the continuance needed to counter it." *Drake v. Portuondo*, 321 F.3d 338, 344 (2d Cir. 2003) (granting petition on other grounds). Recognizing that "the rights to confront and cross-examine witnesses . . . in one's own behalf have long been recognized as essential to due process," *id*. (quoting *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973)), we nonetheless rejected this argument because "the state court did not curtail cross-examination or exclude rebuttal." *Id.* Rather, "Drake's disadvantage flowed from a refusal to grant a continuance, which is a matter traditionally within the discretion of the trial judge." *Id*. (internal quotation marks omitted). We noted that Drake identified no Supreme Court precedent requiring the granting of a continuance in these circumstances. *Id*.

Marrant's claim is markedly similar to Drake's: just as Drake may have been able to uncover the perjurious nature of the surprise witness's testimony had he had time to consult an expert, Marrant may have been able to bring out all of the inconsistencies in Officer Moncado's testimony had his attorney had more time to study the record.

Given the Supreme Court's rigid standard for finding error in the denial of a continuance, our prior decision in *Drake*, and the extremely deferential AEDPA standard, we cannot conclude that the Appellate Division unreasonably applied Supreme Court precedent in holding that the trial court did not abuse its discretion.

We have considered petitioner's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3